## STRANGE v. HUNTINGTON LIGHT & FUEL COMPANY.

[No. 6,132.  Filed April 9, 1908.  Petition to modify mandate sustained June 2, 1908.]

NEW TRIAL. — *Recovery too Large.* — *Accounts.* — *Limitation of Actions.*—In an action on an account, wherein all but $1,514.07 was barred by the statute of limitations, and there was a verdict for $1,764.28, a new trial should be granted, or the case affirmed upon the filing of a *remittitur* for the excess.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Action by the Huntington Light & Fuel Company against James B. Strange.    From a judgment for plaintiff, defendant appeals.    *Affirmed conditionally.*

*Thomas B. Dicken, John T. Strange* and *Condo & Browne,* for appellant.

*St. John & Charles* and *Willard B. Gemmill,* for appellee.

HADLEY, P. J.—This is an action by appellee against appellant on an account extending over a period of several years. The complaint is in one paragraph, to which appellant answered in six paragraphs, one of which is a plea of the statute of limitations to the first ten items of appellee's bill of particulars, the others were in the nature of counterclaims, to each of which paragraphs appellee replied by general de-

nial. The cause was tried by jury, which found for appellee, assessing the amount of its recovery at $1,764.28. Judgment accordingly.

The only questions properly presented are that the verdict is not supported by sufficient evidence, and the erroneous assessment of the amount of recovery.

The items in the account are for gas furnished appellant for his use in his glass factory and in his residence, and one or two small items of equipment. It is averred in the complaint, and was proved on the trial, that each item in the account was payable monthly. The first item of the account is dated December 11, 1898. The last item of the account is dated August 1, 1905. This cause was instituted September 5, 1905. The bill of particulars and evidence show that appellant is entitled to credit for $522.50. The total amount of the items of the account accruing more than six years before the bringing of the action, together with its proportion of the interest proved on the trial, is $1,246.03. The total amount of the items of the account accruing within six years, exhibited and proved, together with its proportion of the interest, as asked for and proved, is $1,514.07.

Appellee does not contend that the account was a mutual account, or that any portion of it, by any reason, came within the exceptions of the statute of limitations, so that the same would not apply, but urges that the credits should be applied to the extinguishment of the older items, since there was no direction by either party where the credits should be applied; but conceding this to be true, yet it is apparent that the recovery is still excessive, since the amount of the credits does not extinguish the whole of the items that are uncollectible by reason of the statute. And it also appears that the sum of the items within the six-year period, together with interest claimed and proved, as shown by the complaint and appellee's testimony, did not aggregate the amount of the recovery, such aggregate being $1,514.07. And, conceding all that appellee claims, this is the most it

was entitled to recover. The amount of the verdict and judgment was $1,764.28. It is therefore clear that the amount of recovery is too large, and the motion for a new trial upon that ground should have been sustained.

Judgment reversed.

## ON PETITION TO MODIFY MANDATE.

HADLEY, J.—Appellee has filed a petition to modify the mandate in this cause, and insists that the evidence clearly shows that the amount due is a matter of mathematical calculation. Upon the original hearing we were impressed with this view; but since this phase of the case had not been fully presented in the briefs, we did not search the records to verify the claims of the parties. Upon this motion, however, both parties agree that the only question between them is the amount of the excess, and this hinges upon whether all the credits were applied to the oldest item of the account, or whether only portions of such credits were thus applied.

The evidence on this question is positive, and it is not denied by any one that said credits were thus applied by appellee, and that the amount therefore due on the sum of the accounts not barred by the statute of limitation was $1,514.07 at the date of the judgment. This being true, it would be entailing useless litigation to send this cause back for a new trial, and justice to all parties will be best subserved if the mandate in said cause be modified.

It is therefore ordered that, if appellee will within thirty days remit from said judgment the excess of the same over the sum of $1,514.07, as of the date of rendition, said cause will be affirmed. If such remittitur is not made, then said cause shall be reversed as of this date. In either case costs of appeal to be taxed to appellee.

Roby, J., absent.